**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BEE EXTREMELY AMAZED, LLC,**

    **Plaintiff,**                              Case No. 2:19-cv-1276
                                                    Magistrate Judge Kimberly A. Jolson

    v.

**BEEXTREME, LLC,**
**et al.,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Bee Extremely Amazed, LLC's and Third-Party Defendant Amy Crothers' unopposed Motion to File Document Under Seal. (Doc. 92). For the following reasons, the Motion is **GRANTED in part and DENIED in part**. Plaintiff and Defendant Crothers are **ORDERED** to submit both a redacted and unredacted copy of each document at issue to the Court via email (jolson_chambers@ohsd.uscourts.gov) within **fourteen (14) days** of the date of this Opinion and Order.

**I.    BACKGROUND**

Plaintiff and Defendant Crothers seek to seal numerous documents in support of their response to Defendants' summary judgment motion, including five deposition transcripts and several accompanying exhibits. (*See generally* Doc. 92). They seek to seal these documents because they contain "confidential and proprietary business information[,]" as well as "[Plaintiff's] confidential sales records and customer information[.]" (*Id*. at 2).

**II.    STANDARD**

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the

court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id*. (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party owns a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id*. (quoting *Brown & Williamson*, 710 F.2d at 1179); *see id*. (quotation omitted) ("Only the most compelling reasons can justify non-disclosure of judicial records."). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305–06 (quotation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id*. at 306 (quotation omitted).

## III. DISCUSSION

Here, Plaintiff and Defendant Crothers assert that sealing is appropriate because the documents at issue "contain confidential business information that, if disclosed on the public docket, would give a significant advantage to competitors of the parties in this action." (Doc. 92 at 3). Furthermore, they argue that "there will be little harm to the public interest since the public has little interest in the financial, proprietary or customer information to which the parties seek to restrict access." (*Id*.). The Court agrees that this type of information deserves protection. *See, e.g.*, *Procter & Gamble Co. v. Ranir, LLC*, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (finding sealing appropriate where the disclosure of customer information "would allow competitors to have an inside look into [plaintiff]'s business strategies"); *London Comp. Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("[T]he

2

public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion.").

Yet that is not the end of the matter. "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane*, 825 F.3d 299 at 305 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (finding that "[t]he proponent of sealing [] must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations'")). The parties do not do this.  Nor do they explain why redacting sensitive information from the deposition transcripts would not suffice.  They have failed to satisfy the "narrowly tailored" requirement as a result. *See, e.g.*, *London Comp. Sys.*, 2019 WL 4110516, at *4 (directing the parties to file redacted deposition transcripts so that "the public can view their non-confidential portions in their entirety").

In sum, while the Court agrees that at least some of the deposition transcripts should be protected, the parties have not shown that all five depositions and four corresponding exhibits should be sealed in their entirety.  Plaintiff and Defendant Crothers are **ORDERED** to submit for the Court's review redacted and unredacted versions of each document at issue to the Court via email (jolson_chambers@ohsd.uscourts.gov) within **fourteen (14) days** of the date of this Opinion and Order.  Upon review, the Court will either direct the moving parties to file the redacted documents publicly or require them to resubmit redactions more closely in line with this Opinion and Order.

## IV.  CONCLUSION

For the foregoing reasons, the Motion to File Document Under Seal (Doc. 92) is **GRANTED in part and DENIED in part**.  In line with the guidance above, Plaintiff and Defendant Crothers are **ORDERED** to submit both a redacted and unredacted copy of each

3

document at issue to the Court via email (jolson_chambers@ohsd.uscourts.gov) within **fourteen (14) days** of the date of this Opinion and Order.

    IT IS SO ORDERED.


Date: February 10, 2021                      /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE